**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-00151-RM-KMT

A.B., by his mother and next friend, Jennifer Ybarra,

      Plaintiff

v.

The CITY OF WOODLAND PARK,  a Colorado municipal corporation; CHRISTOPHER MOELLER in his individual and official capacities; ANDREW LEIBBRAND in his individual and official capacities; and WAL-MART STORES, INC.,  a Delaware corporation; MELISSA YOUNG; and SETH SHELTON

      Defendants

---

**STIPULATED PROTECTIVE ORDER**

---

The parties, by and through their attorneys, hereby submit the following Protective Order: IT IS HEREBY STIPULATED AND AGREED, by and between the respective parties hereto and their counsel of record, that Defendant Wal-Mart Stores, Inc. considers its asset protection and security policies privileged, confidential, proprietary in nature, competitively sensitive, and/or trade secret.  The discovery of Wal-Mart asset protection and security policies will be pursuant to the following terms, restrictions and conditions:

1.    Confidential Information obtained by the parties and their counsel concerning the policies shall be used only for the purpose of prosecuting this action and only this action.

2.    Confidential materials, transcripts, and/or information (together, "Confidential Information) shall not, without Defendant Wal-Mart Stores, Inc.'s consent or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)    attorneys actively working on this case;
(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
(c)    the parties, including designated representatives for the entity Defendant;
(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
(e)    the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties.

3.    Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

4.    It is agreed that any Confidential Information obtained from the deposition of a party is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation. Defense counsel must designate the deposition confidential at the time of the deposition. Within 14 calendar days of receipt of the deposition transcript, defense counsel must advise counsel for all parties of the specific portions of the transcript designated confidential.

5.    The parties may object to Defendant Wal-Mart Stores, Inc.'s designation of particular Confidential Information by giving written notice to Defendant disputing the designation no later than 14 calendar days after the designation. (In the event of dispute concerning deposition testimony, the parties must give notice within 14 calendar days after the designation of specific portions of the transcript as described in paragraph 5). The written notice shall identify the Confidential Information to which the objection is made. If the parties cannot resolve the objection within 10 calendar days after the time the notice is received, it shall be the obligation of Defendant Wal-Mart Stores, Inc. to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.

6.    In the event that Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and applicable case law standards.

7.    Within 30 days of the conclusion of the action, counsel for Plaintiff will return to counsel for Defendant Wal-Mart Stores Inc., Sutton | Booker | P.C., those portions of any

deposition that has been designated confidential, or the parties may elect to destroy those portions. Where the parties agree to destroy, the destroying party shall provide all parties with an affidavit confirming the destruction.

8.      The disclosure of information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

9.      This Protective Order survives this case for the purpose of enforcement.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 12th day of February, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

By:     _____
        Debra K. Sutton
        Katie B. Johnson
        SUTTON | BOOKER | P.C.
        26 W. Dry Creek Circle, Suite 375
        Littleton, CO 80120
        *Counsel for Defendants Wal-Mart Stores, Inc.; Melissa Young; and Seth Shelton*

By:     _____
        Matthew Werner
        Alpern Myers Stuart, LLC
        14 North Sierra Madre Street, Suite A
        Colorado Springs, CO 80903-3311
        *Attorneys for Plaintiff*

By:     _____
        Thomas S. Rice
        Ashley M. Kelliher
        Senter Goldfarb & Rice, L.L.C.
        1700 Broadway, Suite 1700
        Denver, Colorado 80290
        *Attorneys for Defendants the City of Woodland Park, Christopher Moeller, and Andrew Leibbrand*